# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **GERALD RAIDER** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** _____ |
| | § | **JURY** |
| **STATE FARM LLOYDS** | § | |

---

## INDEX OF STATE COURT PLEADINGS

---

1.    Register of Actions                                                as of 05/02/2017

2.    Plaintiff's Original Petition                                         03/31/2017

3.    Civil Process Request                                               03/31/2017

4.    Civil Case Information Sheet                                      03/31/2017

5.    Dismissal Notice                                                      04/03/2017

6.    Return of Service                                                      04/11/2017
                                                                        (served 04/04/2017)

7.    Defendant's Original Answer                                     04/28/2017

8.    Jury Trial Setting                                                      05/04/2017

# Tab 1

## Case Information

DC-17-03855 | GERALD RAIDER vs. STATE FARM LLOYDS

Case Number
DC-17-03855

Court
101st District Court

File Date
03/31/2017

Case Type
CNTR CNSMR COM DEBT

Case Status
OPEN

## Party

PLAINTIFF
RAIDER, GERALD

Address
7305 BRYN MAWR DRIVE
ROWLETT TX 75089

Active Attorneys ▾
Lead Attorney
MCCLENNY, JAMES M
Retained

Work Phone
713-334-8121

Fax Phone
713-322-5953

DEFENDANT
STATE FARM LLOYDS

Address
SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET
AUSTIN TX 78701

Active Attorneys ▾
Lead Attorney
DE DIEGO, ARMANDO
Retained

Work Phone
214-426-1220

Fax Phone
214-426-1246

## Events and Hearings

03/31/2017 NEW CASE FILED (OCA) - CIVIL

03/31/2017 ORIGINAL PETITION ▾

2017-03-31 POP(272).pdf

03/31/2017 CORRESPONDENCE - LETTER TO FILE ▾

CPR-MAC.pdf

03/31/2017 CASE FILING COVER SHEET ▾

InfoSheet - MAC.pdf

03/31/2017 ISSUE CITATION ▾

ISSUE CITATION

03/31/2017 JURY DEMAND

04/04/2017 CITATION ▾

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Actual Server
CERTIFIED MAIL

Returned
04/20/2017
Comment
CERT MAIL/DB 9214 8901 0661 5400 0104 9927 57

04/12/2017 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
EXEC CIT TO STATEFARM LLOYDS ON 4/11/17 CERT MAIL

04/28/2017 ORIGINAL ANSWER - GENERAL DENIAL ▾

Original Answer of State Farm Lloyds.pdf

05/25/2017 DISMISSAL FOR WANT OF PROSECUTION ▾

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

Judicial Officer
WILLIAMS, STACI

Hearing Time
9:00 AM

## Financial

RAIDER, GERALD

| | Total Financial Assessment | $433.00 |
| | Total Payments and Credits | $433.00 |

| 4/3/2017 | Transaction Assessment | | | $433.00 |
| 4/3/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 20764-2017-DCLK | RAIDER, GERALD | ($433.00) |

## Documents

2017-03-31 POP(272).pdf

CPR-MAC.pdf

InfoSheet - 6092.pdf

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

ISSUE CITATION

RETURN OF SERVICE

Original Answer of State Farm Lloyds.pdf

# Tab 2

FILED
DALLAS COUNTY
3/31/2017 3:32:23 PM
FELICIA PITRE
DISTRICT CLERK

1 CT-CERT-MAIL

DC-17-03855

CAUSE NO. _____

Freeney Anita

| | | |
|---|---|---|
| **GERALD RAIDER** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | |
| **STATE FARM LLOYDS** | § | E-101ST |
| | § | |
| *Defendant* | § | _____ **JUDICIAL DISTRICT** |
| | § | |

---

## PLAINTIFF GERALD RAIDER'S ORIGINAL PETITION

---

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Gerald Raider, (hereinafter referred to as "Plaintiff"), complaining of State Farm Lloyds, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is an individual residing in Dallas County, Texas.

3. State Farm Lloyds is a domestic insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, Corporation

---

*Plaintiff Gerald Raider's Original Petition*                                                    Page | 1

Service Company, located at the following address: 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant because it is a domestic insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, State Farm Lloyds sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6. Venue is proper in Dallas County, Texas, because the Property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiff purchased a policy from Defendant, which was in effect at the time of loss.

8. The Policy was purchased to insure Plaintiff's property, which is located at 7305 Bryn Mawr Drive, Rowlett, Texas 75089.

9. Defendant and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because he is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

---

*Plaintiff Gerald Raider's Original Petition*

11. On or about December 26, 2015, Plaintiff experienced a severe weather related event, namely a tornado, which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant.

12. Plaintiff reported the claim on December 29, 2015. He was unable to report the claim because the cell phone towers stopped working on the day of the storm. When he reported the claim, Defendant's adjuster asked him whether his home was livable. Plaintiff responded in the affirmative. In response, Defendant's adjuster said other people were in need to get into livable housing so she would call at a later time. When Defendant's adjuster called Plaintiff back, she stated that Plaintiff's deductible was $7,800.00 and that there was no use in going to his house.

13. Defendant improperly, wrongful, and egregious decision to refuse to investigate and evaluate Plaintiff's claim. Defendant had a duty to Plaintiff to investigate, evaluate, and determine coverage for the claim. Defendant breached this duty when it represented to him that because of his inability to pay the deductible, he there would be no point in coming to inspect the property. Irrespective of the deductible amount, Defendant has an obligation to its insured.

14. Plaintiff has suffered severe and continuing damages because of Defendant's bad faith conduct. Specifically, Plaintiff was forced to make temporary emergency repairs including fixing his backyard fence, patching the roof, fixing his air conditioning unit. He has been unable to fix the sheet rock in his home and garage and the window screens.

15. Defendant's improper conduct forced Plaintiff to hire a professional estimate writer to properly evaluate his claim. On or around November 29, 2016, Plaintiff's professional estimate writer inspected the

property. Plaintiff's professional estimate writer estimated the value of the damages to be $42,235.50.

Plaintiff's professional estimate writer required a full roof replacement due to the tornado damage.

Specifically, the professional estimate writer estimated for the removal and replacement of the roofing

felt and 36 squares of composition roofing shingle material. Additionally, the professional estimate

writer recommended removing and replacing the ridge caps, drip edge, chimney flashing, flashing, and

roof vents. Plaintiff's professional estimate writer also provided for an ice and water shield per

International Building Code 2012, Chapter 1507.2.8.2, which states in areas where there has been a

history of ice forming along the eaves causing a back up of water, an ice barrier that consists of at least 2

layers of underlayment cemented together or a self-adhering polymer modified bitumen sheet shall be

used and extend from the lowest edges of all roof surfaces to a point at least 2 inches inside the exterior

wall line. The City of Rowlett has adopted the 2012 International Building Code.

16. With respect to the roof replacement, Plaintiff's professional estimate writer included compliance with

the Occupational Safety and Health Administration ("OSHA"). OSHA requires that when working on

buildings with "unprotected sides and edges" that "each employee on a walking/working surface

(horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a

lower level shall be protected from falling by the use of guardrail systems, safety net systems, or

personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1).

17. Additionally, Plaintiff's professional estimate writer provided for the removal, replacement, and staining

of the wood fence. With respect to the living room, dining room, and garage, Plaintiff's professional

estimate writer estimated for the removal and replacement of the drywall and paint. Moreover,

Plaintiff's professional estimate writer estimated for the removal and replacement of 6 windows and a central air conditioning system.

18. Despite its duty to investigate the loss, Defendant failed to inspect the property and furnish and estimate. As a result of Defendant's improper conduct, Plaintiff's claim was intentionally and knowingly underpaid.

19. Defendant's assigned adjuster acted as an authorized agent of Defendant. Defendant's assigned adjuster acted within the course and scope of her authority as authorized by Defendant. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

20. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy.  Specifically, Defendant refused to investigate the loss or pay the full proceeds owed under the policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged property.

21. All conditions precedent to recovery under the policy had, and have, been carried out and accomplished by Plaintiff.

22. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## **AGENCY**

23. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

24. All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment.

25. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

26. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

27. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

28. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the property damage. Defendant refused to inspect the property and furnish an estimate because of the high deductible. Defendant owed a duty to ensure that the property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

29. Defendant and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

   A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

   B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

   C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

   D. Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

---

31. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages. Defendant did not investigate the property.

32. As a result of the storm-related event, Plaintiff suffered extreme damages due to the tornado. Despite objective evidence of the tornado-related damages provided by Plaintiff and his representatives, Defendant breached its contractual obligations under the policy by failing to investigate and pay Plaintiff cost related benefits to properly repair the property, as well as for related losses associated with the subject loss event.   As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

### **VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

33. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

34. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A.  Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

B.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

C.  Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

D.  Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

E.  Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F.  Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

G.  Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

35. As described in this Original Petition, Defendant represented to Plaintiff that his Policy and State Farm Lloyds's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

36. As described in this Original Petition, Defendant represented to Plaintiff that his Policy and State Farm Lloyds's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

37. By Defendant representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

38. Defendant has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

39. Defendant's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

40. Defendant's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

41. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant, to his detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

42. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

43. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.   Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show himself to be justly entitled by law and in equity.

## **VIOLATIONS OF THE TEXAS INSURANCE CODE**

44. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

45. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A.   Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B.   Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

C.  Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

E.  Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G.  Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably

believes at that time will be required from the claimant no later than the 15th day after

the receipt of notice of the claim (§ 542.055);

K.  Failing to notify the claimant in writing of the acceptance or rejection of a claim no

later than the 15th business day after the insurer receives all items, statements, and

forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.  Failing to state the reasons for rejection (§ 542.056(c));

M.  Failing to notify the claimant of the reasons that the insurer needs 45 days in additional

time to accept or reject the claim (§ 542.056(d));

N.  Failing to pay a claim not later than the 5th business day after the date of notice of

acceptance was made (§ 542.057); and/or

O.  Failing to pay a valid claim after receiving all reasonably requested and required items

from the insured. (§ 542.058(a)).

46. By its acts, omissions, failures and conduct, Defendant has engaged in unfair and deceptive acts and

practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result

of his detrimental reliance upon Defendant's unfair or deceptive acts or practices. § 541.151(2).

47. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due

under the Policy. Defendant refused to investigate the claim due to the high deductible, despite knowing

there were severe actual damages to the property. Defendant's continued refusal to investigate and offer

a reasonable settlement compelled Plaintiff to file suit. § 542.003(5).

48. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

49. As a result of Defendant's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

50. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

52. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

53. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

54. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

56. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

57. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

58. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

59. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

60. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

61. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

62. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

63. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas

Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

64. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests

that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day

after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

65. Plaintiff demands a jury trial, consisting of citizens residing in Dallas County, Texas, and tenders the

appropriate fee with this Original Petition.

## DISCOVERY

66. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that

Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories

contained herein:

## l. REQUESTS FOR DISCLOSURE

1.   Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant State Farm Lloyds,

disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to

do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1.   Please produce State Farm Lloyds's complete claim files from the home, regional and local offices,

as well third party adjusters/adjusting firms regarding the subject claim, including copies of the

file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in his attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by State Farm Lloyds's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether State Farm Lloyds intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of State Farm Lloyds and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between State Farm Lloyds and its assigned adjuster, and all correspondence between State Farm Lloyds and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

### III. INTERROGATORIES

1.  Please identify any person State Farm Lloyds expects to call to testify at the time of trial.

2.  Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.  If State Farm Lloyds or State Farm Lloyds's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Farm Lloyds or any of State Farm Lloyds's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.  Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Farm Lloyds's investigation.

5.  Please state the following concerning notice of claim and timing of payment:

    a.  The date and manner in which State Farm Lloyds received notice of the claim;

    b.  The date and manner in which State Farm Lloyds acknowledged receipt of the claim;

    c.  The date and manner in which State Farm Lloyds commenced investigation of the claim;

    d.  The date and manner in which State Farm Lloyds requested from the claimant all items, statements, and forms that State Farm Lloyds reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

    e.  The date and manner in which State Farm Lloyds notified the claimant in writing of the acceptance or rejection of the claim.

6.  Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.  Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.  When was the date State Farm Lloyds anticipated litigation?

---

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Farm Lloyds's document retention policy.

10. Does State Farm Lloyds contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does State Farm Lloyds contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does State Farm Lloyds contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe State Farm Lloyds's bonus or incentive plan for adjusters.

## CONCLUSION

67. Plaintiff prays that judgment be entered against Defendant State Farm Lloyds and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which

he is due as a result of the acts of Defendant State Farm Lloyds, and for all such other relief to which

Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages

under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of

Court on his behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any

other and further relief, either at law or in equity, to which Plaintiff may show the himself to be justly

entitled.

RESPECTFULLY SUBMITTED,

*/s/ James M. McClenny*
MCCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Derek L. Fadner
State Bar No. 24100081
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Derek@mma-pllc.com
ATTORNEYS FOR PLAINTIFF

**CERTIFIED MAIL**

FELICIA PITRE
DISTRICT CLERK
GEORGE L. ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689



9214 8901 0661 5400 0104 9927 57

RETURN RECEIPT (ELECTRONIC)

DC-17-03855 DB

STATE FARM LLOYDS
BY SERVING REGISTERED AGENT CORPORATION SERVICE
COMPANY
211 E 7TH ST STE 620
**AUSTIN, TX 78701-3218**

SHOW TO WHOM
DELIVERED, Date &
Addressee's
Address

Deliver to
Addressee
ONLY



$ 11.36⁰
APR 06 2017
PITNEY BOWES

02 1R
0002010651
MAILED FROM ZIP CODE 75202

UNITED STATES POSTAGE

FIRST CLASS

# Tab 3

FILED
DALLAS COUNTY
3/31/2017 3:32:23 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-01272-M   Document 1-3   Filed 05/11/17   Page 31 of 46   PageID 62

## CIVIL PROCESS REQUEST

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
| --- |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** DC-17-03855                **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Original Petition

**FILE DATE OF MOTION:** 03/31/2017
                                 Month/      Day/        Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: State Farm Lloyds

   ADDRESS: 211 East 7th Street, Suite 620, Austin, Texas 78701-3218

   AGENT, (*if applicable*): Corporation Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): Citation

   **SERVICE BY** (*check one*):
   ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
   ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
   ☐ **MAIL**                                 ☒ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
        Type of Publication:    ☐ **COURTHOUSE DOOR,** or
                                ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   ☐ **OTHER,** *explain* _____

*********************************************************************************

****

2. NAME: _____

   ADDRESS: _____

   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

   **SERVICE BY** (*check one*):
   ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**

   ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

   ☐ **MAIL**                                 ☒ **CERTIFIED MAIL**

   ☐ **PUBLICATION:**
        Type of Publication:    ☐ **COURTHOUSE DOOR,** or
                                ☐ **NEWSPAPER OF YOUR CHOICE:** _____

   ☐ **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: James M. McClenny                  TEXAS BAR NO./ID NO. 24091857

MAILING ADDRESS: 411 N. Sam Houston Pkwy E., Suite 200, Houston, TX 77060

PHONE NUMBER: 713        334-6121          FAX NUMBER: 713      322-5953
              area code    phone number                  area code   fax number

EMAIL ADDRESS: james@mma-pllc.com

CIVIC108 Revised 9/3/09

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 90 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION


COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:
   ORDER TO: _____
                        (specify)
   MOTION TO: _____
                        (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)


POSSESSION (PERSON)
POSSESSION (PROPERTY)


SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVCI08 Revised 9/3/99

**Tab 4**

FILED
DALLAS COUNTY
3/31/2017 3:32:23 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-01272-M   Document 1-3   Filed 05/11/17   Page 34 of 46   PageID 65

# CIVIL CASE INFORMATION SHEET

DC-17-03855

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* _____   **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** _Gerald Raider vs State Farm Lloyds_

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: James M. McClenny | Email: James@mma-pllc.com | Plaintiff(s)/Petitioner(s): Gerald Raider | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 411 N. Sam Houston Pkwy E. | Telephone: 713-344-6121 | Defendant(s)/Respondent(s): State Farm Lloyds | Additional Parties in Child Support Case: Custodial Parent: |
| City/State/Zip: Suite 200, Houston, TX 77060 | Fax: 713-322-5986 | | Non-Custodial Parent: |
| Signature: *James McClenny* | State Bar No: 24091857 | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☒Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: ☐Other Injury or Damage: | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

**Tab 5**



## 101st JUDICIAL DISTRICT COURT

GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

April 03, 2017

STATE FARM LLOYDS
SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET
AUSTIN TX  78701

Cause No:   DC-17-03855

          GERALD RAIDER
           vs.
          STATE FARM LLOYDS

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of
Civil Procedure and pursuant to the inherent power of the Court, on:

          **May 25, 2017 at 9:00 AM**

If no answer has been filed, you are expected to have moved for a default
judgment on or prior to that date.  Your failure to have done so will result
in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain
the case on the docket, you must appear on the above date, unless you have
obtained a new setting from the court coordinator.

Sincerely,

District Judge,
101st Judicial District Court

CC:    STATE FARM LLOYDS; JAMES M MCCLENNY

# Tab 6

## OFFICER'S RETURN

**FILED**

**17 APR -7 AM 2:20**

FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
_____DEPUTY

Case No. : DC-17-03855

Court No.101st District Court

Style: GERALD RAIDER

vs.

STATE FARM LLOYDS

Came to hand on the ___4th___ day of __April__ , 20 __17__ , at __9__ o'clock __A__ .M. Executed at _211 7m st Ste 620_ within the County of __Austin Tx__ at __9:07__ o'clock __A__ .M. on the __11th__ day of __April__ ,

20 __17__ , by delivering to the within named

_State Farm Lloyds By. U.s. Certified mail Return Receipt Received Signed Chris Saizan_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

For serving Citation    $ _76.00_        _Chris Saizan_

For mileage             $ _____        of_____ _____County, _____

For Notary              $ _____        By _____Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20___

to certify which witness my hand and seal of office.

**FELICIA PITRE**
**DISTRICT CLERK**
**600 COMMERCE STREET**
**DALLAS, TEXAS 75202-4606**

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**STATE FARM LLOYDS**
**SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET**
**AUSTIN TX 78701**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **GERALD RAIDER**

Filed in said Court **31st day of March, 2017** against

**STATE FARM LLOYDS**

For Suit, said suit being numbered <u>**DC-17-03855,**</u> the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE, PRODUCTION AND INTERROGATORIES**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
DENOSHA BOSTON

| | |
|---|---|
| <u>CERT MAIL</u> | |

<u>CITATION</u>

DC-17-03855

**GERALD RAIDER**
**vs.**
**STATE FARM LLOYDS**

ISSUED THIS
**4th day of April, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
JAMES M MCCLENNY
411 N SAM HOUSTON PKWY E
SUITE 200
HOUSTON TX 77060
713-334-6121



**DALLAS COUNTY CONSTABLE**
**FEES NOT**
**FEES**
**PAID**
**PAID**

FELICIA PITRE
DISTRICT CLERK
GEORGE L. ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX  75202-4689



**9214 8901 0661 5400 0104 9927 57**

**RETURN RECEIPT (ELECTRONIC)**

**DC-17-03855 DB**
STATE FARM LLOYDS
BY SERVING REGISTERED AGENT CORPORATION SERVICE
COMPANY
211 E 7TH ST STE 620
**AUSTIN, TX  78701-3218**

CUT / FOLD HERE

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE



### UNITED STATES
### POSTAL SERVICE.

Date: April 11, 2017

MAIL MAIL:

The following is in response to your April 11, 2017 request for delivery information on your Certified Mail™/RRE item number 92148901066154000104992757.  The delivery record shows that this item was delivered on April 11, 2017 at 9:07 am in AUSTIN, TX 78744. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000104992757
DC-17-03855 DB
STATE FARM LLOYDS
BY SERVING REGISTERED AGENT CORPORATION SERVICE
COMPANY
211 E 7th St Ste 620
Austin, TX  78701-3218

# Tab 7

FILED
DALLAS COUNTY
4/28/2017 1:14:30 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-01272-M   Document 1-3   Filed 05/11/17   Page 43 of 46   PageID 74

## CAUSE NO. DC-17-03855

| | | |
|---|---|---|
| **GERALD RAIDER** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **101st JUDICIAL DISTRICT** |
| **STATE FARM LLOYDS** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## ORIGINAL ANSWER OF STATE FARM LLOYDS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant State Farm Lloyds ("State Farm") and hereby files its Original Answer to Plaintiff's Original Petition, and for same would show the Court as follows:

I.

State Farm denies each and every, all and singular, the allegations set forth in Plaintiff's Original Petition, and demands strict proof thereof upon a trial of this cause before a jury.

### JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, State Farm demands a trial by jury. A jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff takes nothing from Defendant by this action and that Defendant be allowed all costs expended herein.

Respectfully submitted,

**THE LAW OFFICE OF ARMANDO DE DIEGO, P.C.**

By:    /s/   Armando De Diego
       ARMANDO DE DIEGO
       State Bar No. 05635400
       Email: adediego@dediego.com

       HARVEY G. JOSEPH
       State Bar No. 11027850
       Email: hjoseph@dediego.com

1201 W. Griffin Street
Dallas, Texas 75215-1030
Telephone:     (214) 426-1220
Facsimile:      (214) 426-1246

**ATTORNEYS FOR STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of April, 2017, a true and correct copy of the foregoing document has been personally served, as indicated below:

| | |
|---|---|
| Mr. James M. McClenny | ✔ Via Electronic Service |
| Mr. J. Zachary Moseley | _____ Via Certified Mail |
| Mr. Derek L. Fadner | _____ Via Facsimile |
| **MCCLENNY MOSELEY & ASSOCIATES, PLLC** | _____ Via Regular Mail |
| 411 N. Sam Houston Parkway E., Suite 200 | |
| Houston, Texas 77060 | |

       /s/   Armando De Diego
       ARMANDO DE DIEGO

**ORIGINAL ANSWER OF STATE FARM LLOYDS** - Page 2

**Tab 8**



## 101ST DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

May 04, 2017

ARMANDO DE DIEGO
1201 WEST GRIFFIN STREET
DALLAS        TX  75215

Re:    DC-17-03855
       GERALD RAIDER  vs.  STATE FARM LLOYDS

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:
PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

Jury Trial - Civil:    01/09/2018 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If **ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court.

The Mediator may be selected by agreement of all parties. The parties must advise both the Court and the Mediator in writing of any agreed Mediator.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

SINCERELY,

Honorable STACI WILLIAMS
JUDGE, 101ST DISTRICT COURT
DALLAS COUNTY, TEXAS

pc:  JAMES M MCCLENNY; ARMANDO DE DIEGO